## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THOMAS GOODRICH

        PLAINTIFF,

        v.                                    C.A. NO. 08-949-JCJ

COMMISIONER
CARL DANBERG,

          DEFENDANT.


## STATE DEFENDANT'S OPENING BRIEF
## IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


*/s/ Kenisha L. Ringgold*
Kenisha L. Ringgold
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
*Attorney for the State Defendants*


Dated: June 28, 2011

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... 3

NATURE AND STAGE OF THE PROCEEDINGS .................................................... 4

SUMMARY OF THE ARGUMENT .......................................................................... 5

STATEMENT OF FACTS ........................................................................................... 6

ARGUMENT ................................................................................................................ 8

    I.  DEFANDANT CARL DANBERG IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW; PLAINTIFF HAS NO COGNIZABLE CLAIM AGAINST STATE DEFENDANT CARL DANBERG. .......................................................................... 8

CONCLUSION ............................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ........................................................8

*Banks v. Mozingo*, 2010 U.S. Dist. LEXIS 25611, 10-11 (W.D. Pa.Feb.26, 2010)....................................9

*Celetox Corp. v. Carter*, 477 U.S. 317, 322-23 (1986)...............................................................8

*Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986) ............................................................9

*Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) ..............................9

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).......................................9

*Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) ........................................9

*Rode v. Dellarciprete*, 845 F.2d at 1207 (3d Cir. 1988) ...............................................................9

*West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)........................................9

**Statutes**

42 U.S.C. §1983.......................................................................................................... 4, 6, 8, 9

Fed. R. Civ. P. 56(c) ........................................................................................................ 8

## NATURE AND STAGE OF THE PROCEEDINGS

On December 17, 2008, plaintiff Thomas Goodrich ("Plaintiff") commenced the instant 42 U.S.C. §1983 action against State Defendant Carl Danberg ("Commissioner Danberg") and Warden Raphael Williams ("Warden Williams).  (D.I. 1). Warden Williams was dismissed without prejudice on February 24, 2010, due to Plaintiff's failure to timely effectuate service. (D.I. 12). Commissioner Danberg is the only remaining Defendant.

On August 17, 2009, plaintiff requested default judgment, as to the Commissioner, for failure to plead. (D.I. 7).  On July 14, 2010 and September 14, 2010 respectively, State Defendant filed a response to plaintiff's request and a Motion to Vacate the Default judgment. (D.I. 18, 22).  This Court granted the Motion to Set Aside the Default Judgment on October 18, 2010.  (D.I. 26).

State Defendant Commissioner filed an Answer to Plaintiff's complaint on November 8, 2010. (D.I. 27). A Scheduling Order was issued on January 24, 2011, setting the discovery deadline of May 24, 2011, with dispositive motions and *Daubert* motions due by June 28, 2011. (D.I. 30). This is State Defendants' Opening Brief in Support of their Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

1.      Plaintiff has no cognizable claim against Commissioner Danberg; plaintiff's allegations arising from his incarceration occurred before Mr. Danberg was appointed as Commissioner for the Department of Correction.  Plaintiff cannot establish a claim for liability because Commissioner Danberg was not personally involved in the allegations contained in the Complaint.

## STATEMENT OF FACTS

This case concerns a plaintiff who was held for twelve days as a pre-trial detainee in December 2006 until bail was posted for his release.  (D.I. 1).  Plaintiff owned three birds, two Amazons and one Blue and Gold Macau.  *Id*.  The parrot at issue was a Blue and Gold Macaw.  Plaintiff alleges that upon his release from the Howard R. Young Correctional Institution, his Blue and Gold Macaw had perished.  *Id*.  The facts leading up to this event are as follows.

 On August 4, 2005 plaintiff was leaving Kirkwood Fitness when police officer Corporal Whitmarsh stopped the plaintiff on suspicion of thefts occurring at Kirkwood Fitness Club.  (See Tab A- Police Arrest Narrative, A-01[1])   After an exchange regarding the purpose for the stop, Cpl. Whitmarsh informed the plaintiff that he had a search warrant for his home.   Plaintiff consented to the search home without incident.  As a result of the search, Cpl. Whitmarsh found one pair shoes which belonged to one of the Kirkwood theft victims.  *Id*. Cpl. Whitmarsh informed plaintiff that he would execute warrant for his arrest, but Plaintiff agreed to accompany Cpl. Whitmarsh to Troop 6 for processing.  Once at Troop 6, plaintiff was linked to several thefts.  The plaintiff was arraigned and released on $6,000 unsecured bail with a no contact order with Kirkwood Fitness or any victims.  *Id*.

Plaintiff failed to appear before the Court of Common Pleas, and on April 10, 2006, the Court of Common Pleas issued a capias for plaintiff's failure to appear at his non-jury trial.  (Tab B-Offense Summary, A-04).  On December 6, 2006 plaintiff was stopped for driving an unregistered vehicle.  During this stop the plaintiff's outstanding capias was revealed. The plaintiff was then arrested and held on bail for the return capias in the Court of Common Pleas scheduled for the next day on December 7, 2006.

---

[1] The Appendix to the defendants' Opening Brief is designated by the letter "A" and is followed by the page number in the Appendix (e.g. ("A-1")).

On December 6, 2006 Plaintiff was booked and received a PIN number to make collect calls, but plaintiff made no calls that day. (Transcript of the Deposition of Thomas Goodrich, at page (DT 5)), (Tab C, A-7).     Plaintiff alleges that he was unable to make a phone call, while all others on his pod were able to make phone calls.  Plaintiff sent two letters to the Warden (Mr. Williams) on December 13th , and December and 14th.  The Warden responded to each letter within 24 hours; each letter stated that the compliant was forwarded to the telephone vendor for review. (Tab D, A-9).

On December 15th plaintiff mailed a letter to one of his associates asking for help with his pets.  Eventually his apartment's maintenance department was contacted.   To plaintiff's belief maintenance entered his apartment and replenished food and water for his birds. (Tab C, A-8; DT-53-55)

On December 18, 2006[2], the plaintiff was released when his $200.00 bail was posted on by a relative.  (Tab E, A-11). Allegedly, upon plaintiff's return, he found his Blue and Gold Macaw had died.  (D.I. 1, Complaint). There is no evidence to determine when the macaw died, or the cause of death as plaintiff has not present a necropsy.

Plaintiff's complaint alleges deprivation of civil rights for HRYCI's failure to provide him with telephone access to arrange his bailment and secure the safety and well being of his Blue and Gold macaw.   (D.I., ¶, 1). All facts and circumstances surrounding plaintiff's Complaint occurred from December 6th, through December 18th.

State Defendant Danberg has no personal knowledge of plaintiff's arrest, detainment or subsequent release.  (Tab F, A-14).  As a matter of public record, Commissioner Danberg was nominated by then-Governor Ruth Ann Minner in February 2007 and again by Governor Jack

---

[2] On April 12, 2007 plaintiff plead guilty to two counts of theft at the Kirkwood Fitness Center

Markell in January 2009, and he currently serves as the Department of Corrections

Commissioner.[3]  (Tab G, A-16)

# ARGUMENT

I.     **STATE DEFENDANT CARL DANBERG IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW; PLAINTIFF HAS NO COGNIZABLE CLAIM AGAINST STATE DEFENDANT CARL DANBERG.**

Federal Rule 56(c) permits this Court to grant summary judgment "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A Court must enter summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at

trial." *Celetox Corp. v. Carter*, 477 U.S. 317, 322-23 (1986).

"The mere existence of *some* alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment."  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).  Only factual disputes affecting the

outcome of a lawsuit will properly preclude the grant of summary judgment.  *Id.*     Plaintiff's

claims against Defendant Commissioner Danberg are as follows:

> The specific deprivation of civil rights alleged involves the woeful failure of this facility to provide access to telephone communications or other means of communication necessary to arrange bailment and subsequent release.

Complaint, ¶1.

---

[3] Stanley Taylor served at the Department of Corrections Commissioner from December 20, 1995 through February 1, 2007.

Plaintiff seems to be articulating two theories of liability; the first theory being an unconstitutional deprivation of property, and the second, a First Amendment Deprivation claim. Plaintiff's Complaint seeks to impose liability against State Defendant Danberg pursuant to 42 U.S.C. § 1983. However, plaintiff cannot meet the two threshold requirements of 42 U.S.C. § 1983. Plaintiff has not shown how the alleged misconduct was committed by State Defendant Danberg under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). *Banks v. Mozingo*, 2010 U.S. Dist. LEXIS 25611, 10-11 (W.D. Pa.Feb.26, 2010).

Further, to establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d at 1207 (3d Cir. 1988); *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207.

Neither of Plaintiff's claims against Commissioner Danberg are viable. Defendant Danberg became the Department of Corrections Commissioner in February 2007. The entirety of the facts composing plaintiff's claims occurred in December 2006, before Defendant Danberg

began as the DOC Commissioner.   State Defendant Commissioner Danberg has not committed any misconduct which deprived Plaintiff of any constitutional rights.

Plaintiff's Complaint does not allege the State Defendant was directly involved in the incident giving rise to complaint, therefore his complaint against Defendant Danberg seems be *respondeat superior* in nature.  However, State Defendant Danberg did not have a supervisory role within the DOC during the time Plaintiff was detained.  Defendant Danberg had no personal involvement in depriving Plaintiff of any constitutional right.

Plaintiff cannot meet the first or second threshold requirements to proceed with a § 1983 claim.  There is no theory of liability whereby Plaintiff may maintain an action against State Defendant Danberg.

The facts do not support any viable claim against Commissioner Danberg. While it may be unfortunate that plaintiff's bird may have perished while he was incarcerated, there is no liability on State Defendant's part.  Assuming *arguendo* that all of plaintiff's allegations are true, plaintiff would have no cognizable claim against Commissioner Danberg.

## Conclusion

State Defendant Danberg for the above reason, is entitled to summary judgment as a matter of law, as there no evidence that he interfered with the Plaintiff's Constitutional rights.